UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

February 26, 2024

LETTER TO PARTIES

RE:  *Atousa K. v. Commissioner, Social Security Administration*
Civil No. SAG-23-768

Dear Plaintiff and Counsel:

On March 20, 2023, Plaintiff Atousa K., proceeding *pro se*, petitioned the Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny her claim for benefits. ECF No. 1. After reviewing the parties' dispositive briefs (ECF Nos. 12, 17, 21) I have determined that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will reverse the SSA's decision and remand the case to the SSA for further consideration. This letter explains my rationale.

I.  **PROCEDURAL BACKGROUND**

Plaintiff filed claims for Disability Insurance Benefits and Supplemental Security Income benefits on July 30, 2013, alleging a disability onset date of June 1, 2013. Tr. 155–62. Her claims were denied initially and on reconsideration. Tr. 89–93, 95–98. On September 20, 2016, an Administrative Law Judge ("ALJ") held a hearing. Tr. 32–50. On February 13, 2017, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 9–31. The Appeals Council denied Plaintiff's request for review, Tr. 1–5, so Plaintiff petitioned this Court for judicial review, Tr. 789–805. The Court remanded Plaintiff's case to the SSA due to inadequate analysis. Tr. 788.

On remand, the Appeals Council vacated the ALJ's decision and remanded the case to an ALJ for further proceedings. Tr. 779. A different ALJ held a new hearing on June 11, 2019. Tr. 706–40. On July 30, 2019, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act prior to January 25, 2016, but that Plaintiff became disabled on that date. Tr. 834–62. On July 7, 2020, the Appeals Council vacated that decision with respect to the issue of whether Plaintiff was disabled prior to January 25, 2016, and remanded Plaintiff's case to an ALJ for further review. Tr. 865. The ALJ held another hearing on December 14, 2020. Tr. 741–76. On June 3, 2021, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act from August 31, 2015 to January 24, 2016. Tr. 682–705. The Appeals Council

denied Plaintiff's request for review, Tr. 674–79, so the ALJ's June 3, 2021 decision constitutes the final, reviewable decision of the SSA, *see Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II.     THE ALJ'S DECISION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The SSA evaluates disability claims using a five-step sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.  Under this process, an ALJ determines, in sequence, whether a claimant: "(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012).

Here, at step one, the ALJ determined that Plaintiff "did not engage in substantial gainful activity from June 1, 2013 through January 24, 2016." Tr. 688.  The ALJ found that, during this period, Plaintiff had the following severe impairments: "osteoarthritis, bilateral knees and bilateral hips; obesity; spondylolisthesis and degenerative joint disease, lumbar spine; carpal tunnel syndrome, left upper extremity; nephrolithiasis; [and] peripheral neuropathy." *Id*.  The ALJ also found that, during this period, Plaintiff had the following non-severe impairments: [d]iabetes mellitus, asthma, and right lower quadrant abdominal abscess." Tr. 689.  The ALJ found that Plaintiff "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1" during this period.  Tr. 690.  The ALJ concluded that, prior to August 31, 2015, Plaintiff retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the claimant can occasionally push/pull with the bilateral upper extremities. The claimant can occasionally climb ramps and stairs; balance, stoop, kneel, and crouch. The claimant can never climb ropes, ladders, and scaffolds or crawl. The claimant can frequently reach overhead/laterally/in all directions with the bilateral upper extremities. She can frequently handle bilaterally. The claimant must avoid concentrated exposure to extreme heat, extreme cold; fumes, odors, dusts, and gasses; and hazards, such as dangerous machinery and unprotected heights. The claimant requires the use of a cane for ambulation. The claimant requires the opportunity to alternate between the sitting and standing position an average of every 30 minutes (as defined at hearing).

Tr. 691.  The ALJ determined that Plaintiff could not perform any past relevant work prior to August 31, 2015, but could perform other jobs that existed in significant numbers in the national economy during that period.  Tr. 695–96.  Nevertheless, the ALJ found that, "[f]rom August 31,

2015 through January 24, 2015, the severity of [Plaintiff's] impairments met the criteria of section 1.18 of 20 CFR Part 404, Subpart P, Appendix 1." Tr. 697. Thus, the ALJ concluded that Plaintiff "was not disabled prior to August 31, 2015 . . . but became disabled on that date and continued to be disabled through January 24, 2016." *Id.*

### III.  LEGAL STANDARDS

The Court's review is limited to determining whether substantial evidence supports the ALJ's findings and whether the ALJ applied the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The [ALJ's] findings . . . as to any fact, if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla" and "somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, the Court considers whether the ALJ analyzed the relevant evidence and sufficiently explained their decision. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision[.]").

Because Plaintiff proceeds *pro se*, the Court must "liberally construe" her briefs to "confirm [that] the [SSA] fulfilled [its] obligation to 'scrupulously and conscientiously probe into, inquire of, and explore . . . all the relevant facts' in the record of the unrepresented party." *Dawson v. Astrue*, No. RMG-11-1759, 2013 WL 239130, at *1 (D.S.C. Jan. 22, 2013) (quoting *Marsh v. Harris*, 632 F.2d 296, 299 (4th Cir. 1980)).

### IV.  ANALYSIS

Plaintiff argues that the ALJ misconstrued or failed to consider certain medical evidence and symptoms, which caused the ALJ to err when determining the onset date of Plaintiff's disability. *See generally* ECF No. 12. She also asserts that she has "been absent from [her] own life for more than a decade." ECF No. 21 at 8. She contends that she has encountered difficulty with: (1) focusing on arithmetic in an academic setting; (2) "get[ting] around" due to her joint issues; (3) remaining seated when eating; (4) attending medical appointments; and (5) staying awake. *Id.* at 1–2, 6. Plaintiff also notes that the ALJ reasoned that, because she "was able to go to [her] appointments, [she] was also able to work." *Id.* at 6. Defendant counters that the ALJ's decision was supported by substantial evidence and that Plaintiff's arguments amount to a request to reweigh the evidence. ECF No. 17 at 1–2.

Mindful of its duty to afford Plaintiff's filings a liberal construction, the Court interprets Plaintiff's multiple references to her difficulties with daily activities as an argument that the ALJ failed to properly assess those activities. *See Dawson*, 2013 WL 239130, at *1. For the reasons explained below, the Court determines that the ALJ's treatment of Plaintiff's daily activities warrants remand for further analysis.

An ALJ evaluates a claimant's subjective symptoms using a two-part test. *See Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017). "First, the ALJ looks for objective medical evidence showing a condition that could reasonably produce the alleged symptoms." *Id.* "Second, the ALJ must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's ability to perform basic work activities." *Id.* When applying the second step of the test, the ALJ considers the daily activities that the claimant can perform. *See* 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i).

The Fourth Circuit has articulated several principles that govern an ALJ's assessment of daily activities. For example, an ALJ "may not consider the *type* of activities a claimant can perform without also considering the *extent* to which [they] can perform them." *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018). Also, because an "inability to sustain full-time work due to pain and other symptoms is often consistent with [an] ability to carry out daily activities," an ALJ must explain how a claimant's "particular activities" show a capacity to "persist through an eight-hour workday." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 100–01 (4th Cir. 2020); *see also* Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *1 (July 2, 1996) ("RFC [concerns the] ability to do sustained work-related physical and mental activities in a work setting [for] 8 hours a day, for 5 days a week, or an equivalent work schedule.").

Here, the ALJ noted that the evidence of record did not "establish[] that [Plaintiff's] ability to function was so severely impaired as to preclude the performance of work at the sedentary level, with the described limitations[.]" Tr. 692. The ALJ observed that "[t]his conclusion is borne out by the medical findings, the record of treatment, and [Plaintiff's] reported activities, including cooking, cleaning, driving, and shopping in stores." *Id.* The ALJ also noted Plaintiff's ability to "use[] the stairs to come and go from her apartment to attend her multiple medical appointments." *Id.* The ALJ found that, "[a]lthough [Plaintiff] described some difficulty with activities, this is not inconsistent with the residual functional capacity assessed." *Id.*

By noting that Plaintiff "described some difficulty with activities," Tr. 692, the ALJ considered (at least to some degree) "the extent" to which Plaintiff can perform her activities, *Woods*, 888 F.3d at 694 (italics omitted). Nevertheless, the ALJ erred by failing to explain how Plaintiff's abilities to drive, shop, use stairs, clean, or cook demonstrate the capacity to "persist through an eight-hour workday." *Arakas*, 983 F.3d at 100. Such an explanation is necessary because these activities require "only a modicum of physical exertion" and do not, absent clarification from the ALJ, suggest an ability to work full-time. *Willie B. v. O'Malley*, No. CDA-23-307, 2024 WL 404405, at *3 (D. Md. Feb. 2, 2024); *see also Higginbotham v. Califano*, 617 F.2d 1058, 1060 (4th Cir. 1980) (finding that an ALJ improperly determined that a claimant could "do sedentary work by relying on the fact that she, at her own pace and in her own manner, can do her housework and shopping"). The ALJ's failure to explain how Plaintiff's seemingly undemanding activities evince her ability to fulfill a full-time work schedule is a "critical error" and warrants remand for a deeper analysis of how Plaintiff's activities affect her RFC. *Arakas*, 983 F.3d at 100.

As a final matter, the ALJ appears to have concluded that Plaintiff retains the RFC to "occasionally" climb stairs because she uses "one flight of stairs" outside her apartment. Tr. 691. Because the ALJ limited Plaintiff to sedentary work, their conclusions regarding "occasional" functions implicitly require Plaintiff to perform those functions for up to one-third of an eight-hour workday. *See* SSR 83-10, 1983 WL 31251, at *5 (Jan. 1, 1983). But neither the ALJ's decision nor the rest of the record indicates that Plaintiff's use of the stairs outside her apartment suggests an ability to use stairs for one-third of a workday. On remand, the ALJ must explain how the RFC assessment reflects Plaintiff's stair-climbing capacity.[1]

## V.   CONCLUSION

For the reasons set forth herein, the SSA's judgment is REVERSED due to inadequate analysis pursuant to sentence four of 42 U.S.C. § 405(g). The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. An implementing order follows.

Sincerely yours,

/s/
Stephanie A. Gallagher
United States District Judge

---

[1] In remanding for further analysis, the Court expresses no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.